IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DECKARD, SR.,<br>      Plaintiff,<br><br>v.<br><br>STEVEN EMORY,<br>STEVEN EMORY, EXECUTOR OF<br>ESTATE OF KATHLEEN EMORY<br>(Deceased),<br>DREW SALAMAN, ESQUIRE,<br>DAVID GRUNFELD, ESQUIRE,<br>LINDA HEE, ESQUIRE,<br>JANE'S AND JOHN'S DOE 1 THROUGH<br>18, and<br>SOLE PROPRIETORSHIP('S),<br>PARTNERSHIP('S), CORPORATION('S),<br>LLC('S), LLP('S) 1 THROUGH 15,,<br>      Defendants. | CIVIL ACTION<br><br><br>NO. 19-2001<br><br><br><br>FILED<br>MAY -9 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

### ORDER

**AND NOW**, this 9th day of May, 2019, upon consideration of plaintiff's Emergency Petition for Stay of Philadelphia Orphan's Court in Matter of Estate of Gloria A. Deckard (Document No. 2, filed May 7, 2019), following an *ex parte* conference with plaintiff and his counsel on May 8, 2019, **IT IS ORDERED** that Plaintiff's Emergency Petition for Stay of Philadelphia Orphan's Court in Matter of Estate of Gloria A. Deckard is **DENIED**.

The decision of the Court is based on the following:

I. **INTRODUCTION**

In this Petition plaintiff seeks a stay of a hearing in the Orphans' Court Division of the Court of Common Pleas of Philadelphia County scheduled for May 9, 2019. Plaintiff claims that defendants Drew Salaman, David Grunfeld, and Linda Hee, appointed by the Orphans' Court in connection with proceedings in *Estate of Gloria A. Deckard*, No. 180 DE of 2013, have

unlawfully seized and partially distributed non-estate, non-probate funds that belong to plaintiff. Compl. ¶ 19. Plaintiff states that in a hearing before Judge Carrafielo of the Orphans' Court on November 7, 2017, he "exposed more than twenty (20) missing Estate bank accounts unaccounted by the[] Court officers," and argued that the accounts included non-estate, non-probate proceeds. *Id.* ¶¶ 16-18. By Decree dated April 1, 2019, Judge Carrafielo adopted the recommendations of the Special Master in that case, defendant Grunfeld, rejecting plaintiff's claims.[1] Compl. Ex. 1. The April 1, 2019, Decree also scheduled the May 9, 2019 hearing at issue in plaintiff's Emergency Petition. *Id.* On May 7, 2019, plaintiff filed the Complaint and the Emergency Petition for Stay.

## II.  APPLICABLE LAW

The *Rooker-Feldman* doctrine stands for "the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).

"There are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166. "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

---

[1] The recommendations of defendant Grunfeld are included in letters dated March 18, 2019 and March 28, 2019, which were attached to the April 1, 2019 Decree. Those letters were not provided to the Court and the Court has not been able to obtain copies because the online docket of the Orphans' Court has been non-operational since the Complaint and Emergency Petition in the instant case were filed on May 7, 2019.

2

### III. DISCUSSION

The Court concludes that it lacks jurisdiction over the Emergency Petition pursuant to the *Rooker-Feldman* doctrine.

At the November 7, 2017 hearing before Judge Carrafielo, plaintiff argued that Orphans' Court officials had unlawfully seized and partially distributed non-estate, non-probate funds that belonged to him and that there were numerous accounting errors with respect to the Estate's accounts. Judge Carrafielo overruled plaintiff's objections and accepted Special Master Grunfeld's recommendations by Decree dated April 1, 2019. Plaintiff's Emergency Petition in this Court, filed May 7, 2019, essentially appeals the Decree of the Orphans' Court regarding which funds are properly considered part of the Estate of Gloria Deckard, deceased. Plaintiff argues that "because other remedies have failed, Plaintiff seeks this Honorable Court's intervention." However, the Court, as a court of original jurisdiction, cannot review and reject a state court decision.

All four *Rooker-Feldman* requirements are met in this case with respect to the Emergency Petition. This Court lacks jurisdiction over the Emergency Petition that essentially appeals the decision of the Orphans' Court.

### IV. CONCLUSION

Pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction over plaintiff's Emergency Petition. Plaintiff's Emergency Petition for Stay of Philadelphia Orphan's Court in Matter of Estate of Gloria A. Deckard is denied.

BY THE COURT:

*Jan E. DuBois*
DuBOIS, JAN E., J.